FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 1 1 2015

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**ERIC LAWRENCE**                                                    **PLAINTIFF**

v.                                    Case No. 3:15cv 279 BSM

**BACKGROUNDCHECKS.COM**                                          **DEFENDANT**

---

## COMPLAINT AND JURY DEMAND

---

Comes now the Plaintiff Eric Lawrence, by and through his attorneys and for his Complaint against Defendant Backgroundchecks.com, states:

### I.    Introduction

1.    Eric Lawrence ("Plaintiff") brings this action against Defendant Backgroundchecks.com, Inc. ("BGC"), to obtain relief for himself for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

2.    Defendant operates as a consumer reporting agency. Defendant maintains an extensive database of public records regarding consumers. It then sells consumer reports generated from the database.

3.    Plaintiff Lawrence alleges an individual claim under 15 U.S.C. § 1681e(b), which requires that Defendant use "reasonable procedures to assure maximum possible accuracy" in the publication of Plaintiff's consumer reports.

4.    Plaintiff also alleges a claim under 15 U.S.C. § 1681k because Defendant did not provide Plaintiff notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting

This case assigned to District Judge  Miller
and to Magistrate Judge  Kearney

1

agency to obtain and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide him the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendant's failure to comply with these long-standing requirements denied the Plaintiff these important rights. Plaintiff has actual damages arising from these violations.

5.      Plaintiff is a member of a class in the recently-resolved *Thomas v. Backgroundchecks.com* class action case in the U.S. District Court for the Eastern District of Virginia, 3:13-cv-00029. Plaintiff opted out of that class to preserve his individual claims.

## II.      Jurisdiction and Venue

6.      The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division.

7.      Plaintiff is a citizen of Paragould, Arkansas and maintains all of the documents relevant to this dispute at his home in Arkansas.

8.      Defendant has contracted to supply services or things in Arkansas.

9.      Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Arkansas.

## III.      Parties

10.      Plaintiff is a natural person and a "consumer" as protected and governed by the FCRA.

11.      Defendant serves thousands of customers nationwide, from small businesses to Fortune 100 companies, by providing comprehensive screening services.

2

12.     According to Defendant, "Backgroundchecks.com is home to one of the largest online criminal conviction databases in the industry."

13.     According to Defendant, "with a database of over 430 million criminal records and over 11 million photos, backgroundchecks.com has an extensive collection of public record sources, delivering reports to both consumers and businesses in an extremely intuitive, user-friendly format."

14.     Defendant operates as a consumer reporting agency as governed by the FCRA in its own name and as "e-backgroundchecks.com."

15.     Defendant is, "a consumer reporting agency which [for the purpose of furnishing consumer reports] for employment purposes [...] compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment[.]" 15 U.S.C. § 1681k(a).

### IV.     Factual Allegations

16.     Plaintiff had been working for Express Personal Services (a temporary employment agency) since approximately 2010.

17.     In 2012, Plaintiff's criminal record history was sealed by order of the Circuit Court in Green County.

18.     In 2013, Express Personal Services engaged BGC to prepare and provide a criminal background check report (a consumer report) about Plaintiff.

19.     BGC prepared and provided that consumer report to Express Personal Services on or about September 17, 2013.

20.     The consumer report prepared by BGC included all of the sealed criminal record history from Green County.

3

21.     As a result of the inaccurate consumer report prepared by BGC, Express Personal Services terminated Plaintiff's employment.

22.     When Plaintiff learned about the inaccurate report, he disputed the information directly with BGC. However, BGC never responded to Plaintiff's dispute in violation of its obligations under FCRA §1681i.

23.     Defendant failed to send Plaintiff the notice required by FCRA §1681k(a)(1) and did not use strict procedures as required by FCRA §1681k(a)(2).

24.     Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

25.     Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

26.     Further, multiple court decisions have interpreted these provisions in a manner that would have fully informed Defendant of the illegality of its procedures and the risk that they violated the law.

27.     Despite knowing of these legal obligations, Defendant acted at least negligently in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

28.     In the alternative, Defendant recklessly violated the FCRA in the manners alleged.

## V.     Claims for Relief

**A.     Count I - Violation of Section 1681k(a)(1) of the FCRA**

29.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

4

30.     Defendant's failure to provide the required FCRA notices to Plaintiff under 15 U.S.C. § 1681k(a)(1) and failure to use strict procedures under 15 U.S.C. § 1681k(a)(2) violated 15 U.S.C. § 1681k(a).

31.     The conduct, action, and inaction of Defendant was reckless, rendering Defendant liable for statutorily determined actual damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

32.     In the alternative, the conduct, action, and inaction of Defendant was negligent, rendering Defendant liable pursuant to 15 U.S.C. § 1681o.

33.     Plaintiff is entitled to recover costs and attorney's fees, as well as appropriate injunctive and declaratory relief from Defendant, in a manner and an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**B.     Count II - Violation of Section 1681e(b) of the FCRA**

34.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

35.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports they furnished regarding Plaintiff.

36.     As a result of this conduct by the Defendant, the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

37.     Defendant's violations of 15 U.S.C. § 1681e(b) were reckless, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, entitling

Plaintiff to recover under 15 U.S.C. § 1681o.

38.     Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**C.     Count III - Violation of Section 1681i of the FCRA**

39.     Defendant prepared, compiled, issued, assembled and communicated consumer reports about Plaintiff containing inaccurate, erroneous, unfair, inequitable, incomplete and misleading credit information related to Plaintiff.

40.     Plaintiff disputed the completeness and accuracy of the Defendant's reporting of Plaintiff's criminal history by notifying Defendant directly of his disputes.

41.     Defendant failed to conduct a reasonable reinvestigation of Plaintiff's dispute to determine whether the disputed information was inaccurate in violation of Section 1681i(a)(1)(A).

42.     Defendant failed to provide all the relevant information provided by Plaintiff to the furnisher of the disputed information.

43.     Defendant failed to respond to Plaintiff's request for reinvestigation.

44.     Plaintiff has been and continues to be damaged as a result of Defendant's violations of Section 1681i of the FCRA.

45.     Defendant's violations of Section 1681i of the FCRA are the proximate cause of Plaintiff's damages.

46.     Defendant's violations of 15 U.S.C. § 1681e(b) were reckless, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

47.     Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff prays for relief as follows: (a) That judgment be entered for Plaintiff against Defendant for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. § 1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o;  (b) That the Court order appropriate injunctive and declaratory relief as pled; (c) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and, proper; and (d) That the Court grant such other and further relief as may be just.

## VI.    Jury Demand

Plaintiff hereby demands trial by jury.

DATED: September 11, 2015                    Respectfully Submitted,

_____
William T. Crowder, ABN 2003138
Corey D. McGaha, ABN 2003047
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: 501.205.4026
Fax: 501.367.8208
wcrowder@crowdermcgaha.com
cmcgaha@crowdermcgaha.com

G. John Cento
CENTO LANE, LLC
334 N. Senate Avenue
Indianapolis, IN 46204
Phone: 317.908-0678
cento@centolaw.com

Attorneys for Plaintiff